IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ELBERT HICKS,

      Plaintiff,

v.                                                        CASE NO. 4:04-cv-440-MP-AK

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES
POSTAL SERVICE,

      Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 21, Motion for Summary Judgment, and Doc. 22, the Statement of Facts,  by John E. Potter.  Although Plaintiff has filed a response, it does not meet the requirements for a proper response, and thus, the Court will allow Plaintiff to file an amended response in accordance with the directions of this order.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)."  *Brown v. Shinbaum*, 828 F.2d 707, 708 (11th Cir. 1987) (citing *Griffith v. Wainwright*, 772 F.2d 822, 824-25 (11th Cir. 1985)).  This requires that the Court give express 10-day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default, i.e., that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits.  *Id.*  This order is entered in compliance

with *Brown* and *Griffith*.

The Court must therefore advise Plaintiff that in opposing Defendant's motion, he is the nonmoving party, and as Plaintiff, he bears the burden of proof.  In this situation, Defendant need not negate Plaintiff's claims.  Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).  In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial.  Reliance on the pleadings is inadequate.  *Id*. at 324.  Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).   It is unnecessary for Plaintiff to refile any materials which would be duplicative of documents which are presently before the Court for its consideration, unless necessary to bring those documents into compliance with Rule 56(e).

The Court will take the motion for summary judgment under advisement no later than **February 13, 2006,** Plaintiff must file all argument and evidence in opposition to summary judgment **before** that date.

Accordingly, it is ORDERED:

That the motion for summary judgment with and the statement of facts will be taken

under advisement no later than **February 13, 2006,** and a report and recommendation will be entered after that date;

That the parties must submit any additional material in support of or in opposition to summary judgment before that date.

**DONE AND ORDERED** this _6^{th}_ day of January, 2006.

s/ A. KORNBLUM

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**