IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ELBERT HICKS,

    Plaintiff,
v.                                                 CASE NO. 4:04-cv-00440-SPM-AK

JOHN E. POTTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In this case, Plaintiff, proceeding *pro se*, complains that the United States Postal Service discriminated against him based on his race and sex when it "failed to employ" him. Doc. 1, ¶ 8. More specifically, he states:

> I was injured on the job twenty years ago. I have sought to be re-employed as a partially recovered employee with accommodations to no avail. I tried to retire but the US Postal Service refused to assist me. I was granted vocational rehabilitation and the counselor stated that the agency refused to re-employ. He contacted them between March-May 2004. I should be made whole because I was injured on the job.

*Id*. at ¶ 9. According to Plaintiff, these actions by Defendant occurred on October 23, 2003, and are still being committed by Defendant. *Id*. at ¶¶5 & 10.

Presently before the Court is Defendant's motion for summary judgment. In his motion, Defendant maintains that summary judgment is appropriate because this case is untimely and because it is barred by *res judicata*. In reply, Plaintiff argues that he is entitled to equitable

tolling because he is

> receiving workers compensation benefits...and [is] under vocational rehabilitation that compels [him]...to seek employment first with [his] former employer that required [him] in 2004 to submit to functional capacity evaluation that stated that [he] could return to work as a carrier with accommodations.  The US Postal Service in their handbook 307 hire handicapped employees who never worked for the Postal Service but refuses to hire [him] an experience[d] postal worker who left the employment of the Postal Service because of a compensable injury.

Doc. 28.  Having carefully considered the matter, the Court recommends that the motion for summary judgment be denied.

Plaintiff resigned from the United States Postal Service on September 14, 1984, because, according to him, he had suffered a compensable injury and because" the Office of Workers' Comp was not paying [him], so [he] had no other choice." *Id*. at 24 of 66.  From what the Court can gather--neither party having fully chronicled the background of this case--Plaintiff began seeking reinstatement with the Postal Service in approximately 1994:

> [Plaintiff] is no stranger to [the EEOC's] appeals process.  The record demonstrates that for almost a decade [Plaintiff] has attempted to obtain reinstatement at the [Postal Service] after he resigned due to medical and personal reasons. [Plaintiff] has moved various times during the course of the last 10 years, and has asserted reinstatement rights in multiple cities.

Doc. 22, Attach. A at 8 of 33.  Plaintiff's latest attempt at some kind of employment relationship with the Postal Service  was on October 21, 2003.  *Id*. at 13 of 33.  On that occasion, Plaintiff "was an applicant for employment" and "tried to apply for retirement," and the Postal Service "failed to allow [him] to retire...."  *Id*.  Plaintiff's complaint was based on race, sex, physical disability, and retaliation.  *Id*.  This request for pre-complaint counseling was given Agency Number 4K-230-0011-04.  *Id*.  Plaintiff then filed a formal complaint of discrimination.  *Id*. at 18 of 33.  On February 4, 2004, the Postal Service issued a final agency dismissing Plaintiff's

formal complaint. *Id*. In reaching that decision, the Postal Service found:

> The matter raised in the subject complaint is "identical and arise[s] from the same transaction" as the matter raised in Agency case number 4K-230-0144-03. In case number 4K-230-0144-03 [Plaintiff] alleges that on or around June 4, 2003, management failed to act on his application that would allow him to apply for reinstatement or retirement. Clearly, both allegations arise from the same transaction. Therefore...the subject allegation...is now dismissed as stating the same claim that is pending before or has been decided by the Agency.

*Id*. at 24 of 33.  Plaintiff appealed that decision, and on August 11, 2004, the EEOC Office of Federal Operations issued its decision, affirming the decision of the Postal Service:

> The Commission finds that the agency's decision dismissing the complaint was proper. The record contains the agency's October 23, 2003 decision in Agency No. 4K-230-0144-03. The claim is identified as whether [Plaintiff] was discriminated against when on or around June 4, 2003, management failed to act on [Plaintiff's] application which would have allowed [him] to apply for reinstatement or retirement. The Commission finds that the instant complaint states the same matter as raised in Agency No. 4K-230-0144-03.

*Id*. at 30-31 of 33.

As noted in these decisions, Plaintiff claimed in Agency Number 4K-230-0144-03 that he was retaliated against for prior EEOC activity when, on June 4, 2003, the Postal Service failed to act on his application for reinstatement or retirement. *Id*. at 4 of 33. The Postal Service dismissed Plaintiff's complaint, finding as follows:

> The matter raised in the subject complaint, is "identical and arise[s] from the same transaction" as the matter raised in agency case number 4K-230-0182-02. In case number 4K-230-0182-02 [Plaintiff] alleges that by letter dated March 6, 2002, he was notified that the Postal Service was unable to offer him employment. Clearly, both allegations arise from the same transaction. Therefore...the subject allegation...is now dismissed as stating the same claim that is pending before or has been decided by the agency.

*Id*. at 5 of 33. Plaintiff appealed that decision to the EEOC Office of Federal Operations, which, as noted previously, found that Plaintiff had been seeking reinstatement "for almost a decade"

and "in multiple cities."  *Id*. at 8 of 33.

Defendant does not dispute that the instant case was technically filed timely, as it was filed within 90 days of the last EEOC decision.  *See* Doc. 21 at 5.  Rather, he argues that the Court should find that the "time in which to file a complaint passed years ago and the statute of limitations has passed" since Plaintiff is merely attempting on this occasion "to re-institute an action previously resolved."  *Id*.  He also suggests that *res judicata* has attached so as to bar any litigation over the October, 2003, failure to reinstate.  *Id*. at 6.

Although Plaintiff unsuccessfully continues to seek reinstatement with the Postal Service, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Riccard v. Prudential Insurance Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002).  Furthermore, "[d]iscrete acts are acts such as refusal to hire or failure to promote."  *Id*.  "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Thus, despite the Agency's finding of *res judicata*, each time that Plaintiff applies for and is denied reinstatement, there is "a separate actionable 'unlawful employment practice,'" and Plaintiff may seek relief thereon.  Defendant concedes this cause is timely, and while Plaintiff is absolutely barred both by the statute of limitations and *res judicata* from pursuing any relief regarding all prior attempts at reinstatement, *see Morgan*, 536 U.S. at 115, he is not barred by either time or prior litigation from pursuing this action.  Certainly, his claim that he was denied "retirement," as opposed to reinstatement, may not be actionable, as failing to allow a former employee to "retire" may not be an "unlawful employment practice."  However, that issue is not

before the Court at this time.  Furthermore, even if the Court assumes that Plaintiff can establish a *prima facie* case of discrimination, to date, there is nothing in the record to suggest that Defendant failed to allow him to retire based on his sex, race, or disability or his prior EEOC activities.  Therefore, this cause may yet be the subject of another summary judgment motion, but for the reasons advanced on this occasion, Defendant is not entitled to relief, and this cause should continue.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, Doc. 21, be **DENIED**, and this cause be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this 1st  day of June, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**