IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELBERT HICKS,

    Plaintiff,

vs.                            CASE NO. 4:04cv440-SPM/AK

JOHN E. POTTER,
Postmaster General, United
States Postal Service,

    Defendant.
_____/

## ORDER GRANTING RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a race and sex discrimination suit under Title VII of the Civil Rights Act against the United States Postal Service. In his complaint, he alleges that the United States Postal Service refused to assist him with efforts to retire and refused to re-employ him. Doc. 1. Attached to Plaintiff's complaint is an administrative decision from the U.S. Equal Employment Opportunity Commission, No. 4K-230-0011-04, dated August 11, 2004.

Defendant filed a renewed motion for summary judgment (doc. 54) and Plaintiff filed responses (doc. 56 and 58). For the following reasons, the Court finds that Defendant is entitled to judgment as a matter of law.

First, a review of the agency decision shows that the only claim Plaintiff

raised administratively concerns United States Postal Service's refusal to assist Plaintiff with efforts to retire.  Although Plaintiff wishes to raise additional claims with this Court now, those additional claims cannot be considered.  A federal employee filing a Title VII action in district court must first exhaust his administrative remedies.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); Crawford v. Babbitt, 186 F.3d 1332, 1326 (11th Cir. 1999).  This is a condition precedent to filing suit and "'is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment.'" Grier v. Secretary of the Army, 799 F.2d 721, 724 (11th Cir. 1986). To the extent Plaintiff relies on administrative proceedings prior to No. 4K-230-0011-04[1], those claims cannot be considered because they were no filed within 90 days of Plaintiff's receipt of the agency decision (which includes a notice of right to file a civil action).  42 U.S.C. § 2005e-5(f)(1); Williams v. Georgia Dept. of Defense Nat. Guard Headquarters, 147 Fed. Appx. 134, 135, 2005 WL 2090656 at *1 (11th Cir. Aug. 31, 2005).

      Second, Plaintiff's claim that the United States Postal Service refused to assist him in his efforts to retire cannot establish an adverse employment action so as to state a valid claim for relief.  An adverse employment action is "an

---

[1] See No. 4K-230-0144-03, doc. 22-2 at 4-7; and No. 1-K-230-0144-03, doc. 22-2 at 8-11.

ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him of her employment opportunities, or adversely affects his status as an employee.'" Gupta v. Florida Board of Regents, 212 F.3d 571, 587 (11th Cir. 2000).

In this case, the Untied States Postal Service did not deny Plaintiff any retirement benefit, but rather advised him that to obtain retirement information he should direct his inquiry to the district where he last worked.  Doc. 55.  This conduct falls short of an adverse employment action.  Gupta, 212 F.3d at 587.

Finally, Plaintiff complains about breach of a settlement agreement that he entered into in this case.  A review of the record shows that a contingent settlement agreement was entered.  Doc. 37-2.  The agreement, however, could not be consummated.  Docs. 39, 41, 45, 48, 50, 52, and 53.  With or without the agreement, Plaintiff can continue with his efforts to obtain a final decision on his eligibility for retirement.  In the meantime, however, judgment can be granted on this claim which involves only the United States Postal Service's alleged refusal to assist him with efforts to retire, as exhausted through the final decision No. 4K-230-0011-04.  Based on the forgoing, it is

ORDERED AND ADJUDGED that Defendant's motion for summary judgment (doc. 54) is granted.  This ruling does not adversely affect any remedy Plaintiff may have when the United States Postal Service makes a final decision

CASE NO. 4:04cv440-SPM/AK

regarding Plaintiff's eligibility for retirement.

DONE AND ORDERED this 31st day of March, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge